■ In the Matter of the Claim of HENRY E. LA COUNT, Respondent, v. HECTOR A. KAUFMAN et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Per Curiam. This is an appeal by the Special Disability Fund from a board decision charging the Fund with liability under the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law. The board found "that the employer had knowledge of a permanent pre-existing physical impairment within the meaning of the law". It is conceded that there was no evidence in the medical reports or otherwise, prior to the second accident, of permanent disability in any degree, attributable to the first injury; and, indeed, the second accident occurred but seven months after the first, and claimant had returned to work only two months after his first injury. Of course, it is not necessary in a second-injury case that medical proof of permanent disability be adduced prior to the second incident; but it seems not unworthy of note that here, as in *Matter of Vance* v. *Ormsby* (6 A D 2d 960), "the board has credited the employer with prescience which the medical experts did not possess." Further, although not of determinative importance, of course, we have indicated that at least certain back injuries do not constitute "the type of injury which of itself puts the employer on notice of permanency". (*Matter of Gilson* v. *Bickford's*, 12 A D 2d 709; *Matter of Connors* v. *Haywood Floor Co.*, 14 A D 2d 947; and see *Matter of Danelo* v. *Sibley, Lindsay & Curr Co.*, 17 A D 2d 1020.) In *Vance* (*supra*) we quoted our holding in *Matter of Dubrow* v. *40 West 33rd St. Realty Corp.* (4 A D 2d 896, 897) that: "There is no requirement that the employer have medical evidence or knowledge to a point of medical certainty as to the permanence of the injury. It is sufficient, in a case in which the injury was actually permanent, that the employer had formed his own conclusion or belief that the injury was permanent"; but in amplification or interpretation we then stated: "Implicit in this statement,

of course, is the requirement that there be some reasonable basis for such ' conclusion or belief '." Finding, in *Vance* (*supra*), no such reasonable basis, we reversed the board decision which had charged liability to the Special Disability Fund. In *Matter of Weinberger* v. *Zeibert & Sons* (2 A D 2d 908), in which the board discharged the Special Disability Fund and we affirmed, appellants relied on proof that the employer's officer "considered the back injury permanent because he had for many years suffered from a back condition which he believed similar to that of claimant"; and we found the board "clearly warranted in finding unsubstantial the conclusory testimony of this nature, resting as it did on so tenuous a basis." That proof seems no weaker than that in the case before us. That *Weinberger* (*supra*) was an affirmance does not alter the basic rule and standard as stated in *Vance* (*supra*) and *Weinberger* (*supra*), alike. In the case before us, the board's factual finding of knowledge is obviously based on the testimony quoted by the board that when the employee returned to work, and this was but two months after the first injury, "he complained at various times that his back hurt, which led the employer to believe that it was a permanent condition." A complaint of back pain by a man performing labor does not, in our view, constitute a "reasonable basis" for a supposedly "informed judgment" that an injury of but two months before caused permanent disability. The only other evidence in the record, whether or not the board accepted it, was the employer's statement that "*any back injury* as far as I'm concerned — how can I express it — well, it's expected of being a permanent injury." [Emphasis supplied.] Neither complaints of pain nor the employer's notion that all back injuries are permanent, constitute, either singly or in the aggregate, under the *Vance* rule, any "reasonable basis" for the judgment that the board attributed to the employer or a basis less "tenuous" than that suggested in *Weinberger*; and hence the decision is unsupported by substantial evidence. Decision reversed, and case remitted, with costs to appellant against respondents employer and carrier. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.